Filed 6/25/14  P. v. Guereque CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G049316 |
| v. | (Super. Ct. No. 06CF3427) |
| JOSEPH BRIAN GUEREQUE | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Affirmed.

Allison L. Ehlert, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*    \*    \*

In 2007, appellant Joseph Brian Guereque was convicted of attempted robbery and assault with a deadly weapon. He also admitted to his conviction for a prior serious felony offense (robbery) he had committed in 2002. He was sentenced to imprisonment for a term of 11 years. In December 2012, he filed in superior court a petition to recall his sentence on the basis that subsequent amendment of Penal Code section 4019 required a new and lesser sentence for his crimes.[1] The petition was denied and he appealed.

We appointed counsel to represent him on that appeal. Counsel filed a brief which set forth the procedural facts of the case (the facts of the crimes themselves are irrelevant because the argument is solely directed at the appropriate term of punishment). Counsel did not argue against her client, but advised us she could find no issues to argue on appellant's behalf. Guereque was invited to express his own objections to the proceedings against him, but did not. Under the law, this put the onus on us to review the record and see if *we* could find any issues that might result in some kind of amelioration of Guereque's lot. (*People v. Wende* (1979) 25 Cal.3d 436.) It should be emphasized that our search was not for issues upon which Guereque *would* prevail, but only issues upon which he *might possibly* prevail.

We have examined the record and found no arguable issue. This is not surprising. In fact, it is what we find in the vast majority of cases in which appellate counsel files a *Wende* brief. Even the most cynical observer of the appellate system would have to recognize that appellate counsel has a financial incentive for finding issues. The simple matter is counsel makes more money if he/she finds an issue that is arguable than if he/she does not. So while it sometimes happens that an appellate court will find issues after appellate counsel has thrown in the towel, it is unusual.

This case is not unusual – at least not in any way that would benefit Guereque. In fact, the procedural posture of the case limits us to one issue – the one he

---

[1] All further statutory references are to the Penal Code.

raised in his petition: Does the recently amended section 4019 apply to his case? It does not.

As appellant's motion correctly asserted, section 4019 was amended in 2009 to provide greater preconviction custody and conduct credits for persons incarcerated for the crimes he committed. But his motion failed because the amendment is explicitly limited to cases not yet final on the date of its enactment, January 25, 2010. Appellant's date of conviction was July 16, 2007; his conviction had been final for years before the effective date of the amendment to section 4019.

Indeed, it is possible Guereque is not even entitled to this appeal. (See *People v. Serrano* (2012) 211 Cal.App.4th 496 [no right to *Wende* review for postconviction motion]. But, considering the clarity of the law on the point and the limited nature of the necessary review, we have chosen to consider the matter in an abundance of caution.

No relief is available to Guereque under the section, and appellate counsel could do nothing but request independent review by this court under *Wende*. Having conducted that review, we now affirm the judgment.

The judgment is affirmed.



BEDSWORTH, J.

WE CONCUR:



RYLAARSDAM, ACTING P. J.



IKOLA, J.



3